UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUBBIE DELAR TILLMAN,

     Plaintiff,

v.

CITY OF DETROIT, et al.,

     Defendants.

Case No. 25-cv-11979

Honorable Robert J. White

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Bubbie Delar Tillman commenced this *pro se* 42 U.S.C. § 1983 action against the City Detroit, the City of Detroit Police Department, and Sergeant Chalmers F. Saunders. (ECF No. 1).  The complaint challenges the validity of the criminal investigation and charging documents that ultimately resulted in Tillman's 1985 state conviction for second degree murder.[1]  https://mdocweb.state.mi.us/otis2/otis2 profile.aspx?mdocNumber=181077 (last visited Jul. 11, 2025).  After reviewing the

---

[1] Tillman is currently on probation after his 2025 judgment of conviction for assault with intent to do great bodily harm less than murder. Mich. Comp. Laws § 750.84. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=181077 (last visited Jul. 11, 2025).

complaint, the Court finds that it lacks the requisite subject matter jurisdiction to entertain this litigation.

Collateral attacks on state court decisions are barred under the *Rooker-Feldman* doctrine.  The doctrine "is jurisdictional and therefore may properly be raised by the court sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326 (6th Cir. 2013); *see also Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004).

By way of background, the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).  In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted).

The key inquiry when deciding to invoke the *Rooker-Feldman* doctrine is "whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Kovacic v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (cleaned up). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).

Here, Tillman seeks monetary relief because of lost financial opportunities and emotional damages stemming from his incarceration pursuant to a state judgment of conviction. (ECF No. 1, PageID.8-9). Because the source of these purported injuries is "the state-court judgment itself" the *Rooker-Feldman* doctrine deprives this Court of the necessary subject matter jurisdiction to address Tillman's claims. *VanderKodde*, 951 F.3d at 402; *see also Arwood v. Aldred*, No. 15-70, 2015 U.S. Dist. LEXIS 58330, at *10 (E.D. Ky. May 4, 2015) (holding that the *Rooker-Feldman* doctrine precluded claims for emotional damages stemming from a lawfully-imposed state judgment of conviction). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed without prejudice for lack of subject matter jurisdiction. *See Doe v. Nessel*, No. 23-2097,

2025 U.S. App. LEXIS 2517, at *7-8 (6th Cir. Feb. 4, 2025) (stating that dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine must be without prejudice).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: July 14, 2025

s/Robert J. White
Robert J. White
United States District Judge

4