UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BUBBIE DELAR TILLMAN,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, et al.,<br><br>　　　Defendants. | Case No. 25-cv-11979<br><br>Honorable Robert J. White |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Bubbie Delar Tillman commenced this *pro se* 42 U.S.C. § 1983 action against the City Detroit, the City of Detroit Police Department, and Sergeant Chalmers F. Saunders. (ECF No. 1). The complaint challenges the validity of the criminal investigation and charging documents that ultimately resulted in Tillman's 1985 state conviction for second degree murder.[1] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=181077 (last visited Jul. 11, 2025). In its July 14, 2025 order, the Court dismissed this case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 5).

---

[1] Tillman is currently on probation after his 2025 judgment of conviction for assault with intent to do great bodily harm less than murder. Mich. Comp. Laws § 750.84. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=181077 (last visited Jul. 11, 2025).

Before the Court is Tillman's motion for reconsideration of the July 14, 2025 order of dismissal. (ECF No. 7). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

At the outset, Tillman fails to demonstrate "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" that would alter the Court's prior decision. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quotation omitted). So reconsideration is unwarranted.

Tillman insists, however, that subject matter jurisdiction exists under the federal diversity statute. *See* 28 U.S.C. § 1332. There are two problems with this argument.

*First* – there is a lack of complete diversity between the parties. *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022); *see also* 28 U.S.C. § 1332(a). Complete diversity means that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Diversity jurisdiction depends upon citizenship, not residency. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). The party commencing a federal diversity action must establish the parties' citizenship through a preponderance of the evidence. *Williams v. Andreopoulos & Hill, LLC*, No. 23-1156,

2

2023 U.S. App. LEXIS 30003, at *7 (6th Cir. Nov. 9, 2023).  Tillman is a Michigan citizen who's suing the City of Detroit – a Michigan municipal entity.  So complete diversity does not exist. *See Baker v. 3M*, 99 F. App'x 718, 721 (6th Cir. 2004) (stating that "[p]olitical subdivisions of a state . . . are citizens of the state for diversity purposes."); *Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081, 1089 n.9 (6th Cir. 1978) (same).

*Second* – the *Rooker-Feldman* doctrine would preclude this lawsuit even if the complaint did meet all the elements of diversity jurisdiction. *See Saker v. Nat'l City Corp.*, 90 F. App'x 816, 819 (6th Cir. 2004) (holding that the plaintiff could not "use this court's diversity jurisdiction to execute an end-run around a final state court judgment.").  Accordingly,

IT IS ORDERED that Tillman's motion for reconsideration of the Court's July 14, 2025 order of dismissal (ECF No. 7) is denied.

Dated: August 11, 2025               s/ Robert J. White
                                     Robert J. White
                                     United States District Judge